**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Laura Spinola, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:13-cv-13278 |
| v. | : |
| | : |
| Credit One Financial d/b/a Credit One Bank, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |
| | : |
| | : |

For this Complaint, the Plaintiff, Laura Spinola, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Laura Spinola ("Plaintiff"), is an adult individual residing in Brockton, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Credit One Financial d/b/a Credit One Bank ("Credit"), is a Nevada business entity with an address of 585 Pilot Road, Las Vegas, Nevada 89119, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6.    Within the last four years, Credit contacted the Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

7.    Beginning in October 2013, Credit began contacting Plaintiff by placing calls to Plaintiff's cellular telephone, number 781-xxx-6736, using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

8.    When Plaintiff answered ATDS calls from Credit, she would hear a prerecorded message instructing Plaintiff to press "1" if she was Laura Spinola, and to press "2" if not. After pressing "1" to indicate that she was Laura Spinola, Plaintiff would be connected to a live representative.

9.    During a conversation that took place in mid-October 2013, Plaintiff stated that she could not pay the debt, and requested that the ATDS calls to her cellular phone cease.

10.    Despite Plaintiff's request, Credit continued to harass Plaintiff with ATDS calls to her cellular telephone, without her consent, at a rate of four to five calls per day.

11.    Furthermore, during a subsequent conversation, Plaintiff asked Credit why they were calling her cellular phone after she had requested they stop. In response, Credit acknowledged Plaintiff's request, but stated that her number could not be removed from their automated system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     At all times mentioned herein and within the last four years, Defendant contacted Plaintiff on her cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

14.     Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her demand to cease calling her cellular telephone.

15.     Regardless, Defendant continued to place ATDS calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

19.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

24.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with Robocalls to her cellular telephone.

25.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

28.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 27, 2013

Respectfully submitted,

By    */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff